## RUTLEDGE et v INLOW et

Ohio Appeals, 5th Dist, Licking Co

No 1818. Decided January, 1935

Fitzgibbon, Black & Fitzgibbon, Newark, for plaintiffs.

Kreider & Kreider, Newark, and L. Sandles, Columbus, for defendants.

## OPINION

By LEMERT, J.

Taking up the first ground of error, to-wit, in the admission of testimony, we find, from an examination of the record, on page 45, that one Naomi Johns, a witness for the plaintiff, was asked this question: "Question: I want to ask if, in your opin-

ion, at any time during the time you were present there, Mary M. Inlow was of sound or unsound mind?" Again, on page 62 of the record, in the testimony of Mrs. Sturman, this question was put: "Question: Was Mrs. Inlow at any time while you were there of unsound mind?" Again, on page 68 of the record, Mrs. Bailey was asked this question: "Question: I want to ask if, in your opinion, during the time that you were there, Mrs. Bailey, there were any times that Mrs. Inlow was of unsound mind?"

The record discloses that these three witnesses were servant, or employees in Mrs. Inlow's home for short periods, and the naked or bald question was put to them; to which an objection was made and an exception was taken. This question, to-wit, "At any time while you were there was Mrs. Inlow of unsound mind?" we are of the opinion was improper, and permitting it to be answered was highly prejudicial to the defendants below.

We believe it to be the law that a layman can give his opinion as to the mental soundness or unsoundness of a testator, but it must be based and founded upon facts which first must be introduced in evidence, and from these facts the opinion stated. This was not done. On the contrary, the opinion was asked and in one instance, only, was an attempt made to fortify the opinion by any facts or acts or conduct on the part of the testatrix in the instant case.

We further note, later on in the record, that when practically these same questions were put, in proper form, by the defense, the court refused to allow them to be answered and sustained the objections, as shown by the record, pages 252 and 253, in the testimony of Mr. Roley. "Question: From your talk with her and your observations of her, I will ask you to state, Mr. Roley, whether in your opinion Mrs. Inlow was of sound mind or unsound mind." An objection was made and the court below sustained the objection. This, we believe, was error.

From a careful examination of the record before us, it is difficult indeed to follow the court's rulings on matters of testimony, for the reason that the court below seemed to take different views at different times on the admission or exclusion of evidence.

On the second claimed ground of error, in the exclusion of testimony, the defense offered the proceedings in the Probate Court, by which the two sons attempted to have the testatrix adjudged an incompetent and a guardian appointed for her. The court permitted the defense to introduce the application and the notice of hearing but refused to admit the entry showing the finding of the court. We are of the opinion that this was error, as held by the Supreme Court in 118 Oh St, 442, wherein the court say:

"The mental condition of the testator at the time of making a will determines the testamentary capacity of such testator, and evidence of his mental and physical condition within a reasonable time before and after the making of the will is admissible as throwing light on his mental condition at the time of the execution of the will in question.

In an action to contest a will upon the ground of the mental incapacity of the testator, an adjudication of the insanity of the testator and the establishment of a guardianship on the ground of insanity is admissible in evidence as bearing upon the testamentary capacity of the testator at the date of such execution of such will."

It seems reasonable to say that if there was a judicial finding that a person was insane within a reasonable period prior to the execution of the will and that this is admissible as evidence that the converse also is admissible.

23 Oh Ap, 522 (4 ABS 170), (5 ABS 379).

On the third claimed ground of error, to-wit, that the verdict is against the weight of the evidence and should have been for the contestees: with this contention, considering the state of the record, we can not agree, for the reason that there were two issues in this case, to-wit, testamentary capacity and undue influence. The verdict was a general verdict. We can not assume that the verdict was based upon either of the issues to the exclusion of the other. Especially is that true in the absence of special interrogatories. This court has so held in the case of Mossholder v Head, 37 OLR, page 372 (13 ABS 421).

So that, from a careful examination of the whole of the record in this case, we are of the opinion that error intervened in the court below in both the admission of testimony and in the exclusion of testimony, and for that reason this cause is reversed and remanded to the court below for further proceedings acording to law. Exceptions may be noted.

SHERICK, PJ, and MONTGOMERY, J, concur.